UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY OLIVER,

Plaintiff,

v.

DOUG VASBINDER, ET.AL.,

Defendants.

____________________________________ /

No. 08-11768

District Judge Thomas L. Ludington

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Plaintiff Joey Oliver is a prison inmate in the custody of the Michigan Department of Corrections (MDOC). On April 28, 2008, he filed a *pro se* civil rights complaint, naming as Defendants MDOC personnel.[1] The case was reassigned to me on May 27, 2009. Before the Court is Plaintiffs's Motion for Temporary Restraining Order (TRO) [Docket #8].

**I. BACKGROUND**

The Plaintiff's complaint centers on his claim that the MDOC Defendants improperly denied him the assistance of a "state certified interpreter" at a major misconduct hearing, and that he was entitled to such as a hearing-impaired individual.

In his motion for a TRO, the Plaintiff asks this Court to "[i]ssue an injunction ordering defendants to cease all retaliatory actions against Plaintiff for the exercise of his First Amendment right to access the courts." He alleges that "[s]uch actions are common place within the MDOC." He does not allege that any specific acts of retaliation have

[1] Defendants Vasbinder and Armstrong have been dismissed. The remaining two Defendants have not yet been served.

been taken against him since he filed his complaint.

## II. STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228

F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

## III. DISCUSSION

The Plaintiff has not alleged any facts, beyond the conclusory statement that acts of retaliation "are common place within the MDOC," showing that he has been retaliated against, or will be retaliated against because he filed this lawsuit. He has not raised a retaliation count in his complaint. Again, it is the Plaintiff's burden to show entitlement to injunctive relief. *Overstreet, supra*. In this case, the Plaintiff has completely failed to show any likelihood of success on the merits of this motion, and that fact alone is dispositive. *Gonzales, supra*. Nor has Plaintiff shown that he will suffer irreparable harm without a TRO. If he should find himself the victim of future retaliation at the hands of MDOC staff, he has remedies, first through the MDOC grievance procedure, and then in this Court.

Finally, injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

Plaintiff has not met his substantial burden of showing entitlement to the extraordinary remedy of injunctive relief, and therefore his motion should be denied.

## IV. CONCLUSION

I therefore recommend that Plaintiff's Motion for Temporary Restraining Order [Docket #8] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 2, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 2, 2009.

s/Susan Jefferson
Case Manager