UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY OLIVER,  No. 08-11768

        Plaintiff,  District Judge Thomas L. Ludington
v.  Magistrate Judge R. Steven Whalen

DOUG VASBINDER, ET.AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Joey Oliver, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") filed a *pro se* civil rights complaint on April 28, 2008, naming as Defendants MDOC personnel.[1] The case was reassigned from Magistrate Judge Steven D. Pete to me on May 27, 2009. Before the Court is Defendant Joel Salinas and Martin Palus' *Motion for Summary Judgment* [Docket #21], filed July 27, 2009, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[2] Because absolute judicial immunity bars claims against Defendant Palus, and Plaintiff cannot show a constitutional or statutory violation by Defendant Salinas, I recommend the following:

---

[1] Defendants Vasbinder and Armstrong were dismissed on May 18, 2009 by the Honorable Thomas L. Ludington. *Docket #9*.

[2] On October 14, 2009, Plaintiff requested a 30-day extension of time to file a response. Although that time has passed, he has not filed a response, and I have denied that motion by separate order. In any event, Plaintiff's claims are dismissible *sua sponte* under 28 U.S.C. §1915(e)(2)(B), without regard to a response.

-1-

1) That the motion be GRANTED, dismissing both Defendants with prejudice.

2) That alternatively, claims against both Defendants are subject to *sua sponte* dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).

3) That state law claims be dismissed without prejudice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, an MDOC prisoner currently housed at the Robert Cotton Correctional Facility, filed suit on April 28, 2008, alleging violations of the Eight and Fourteenth Amendments pursuant to 42 U.S.C. §§1983, 1985 and 1986; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C §§12131 *et seq*; Section 504 of the Rehabilitation Act of 1973 ("RA") 29 U.S.C. 794(a). Plaintiff also alleges state law claims of Michigan Handicappers' Civil Rights Act ("MHCRA") M.C.L. §§37.1101 *et seq*; and the Deaf Persons' Interpreter Act ("DPIA") M.C.L. §§393.501 *et seq*; negligence, and intentional infliction of mental and emotional distress.

On December 10, 2005, Plaintiff was issued a major misconduct ticket for insolence. *Docket #21-3,* pg. 2 of 2. At the December 28, 2005 misconduct hearing, Plaintiff was instead found guilty of being "out of place," receiving a sanction of three days of confinement to his cell (toplock). *Docket #21-4,* pg. 2 of 2.

Plaintiff, a hearing impaired individual, alleges that Defendants Salinas, the hearing investigator, and Palus, the hearing officer, improperly denied him the assistance of a "state certified interpreter" at the hearing. *Amended Complaint* at ¶¶8-9. He claims that one day prior to the scheduled hearing, he asked Salinas for an interpreter and that "Salinas

acknowledged . . . that he understood what Plaintiff was requesting or at least that's what Plaintiff understood to be the case." *Id.* at ¶12. When called to the hearing the next day, Plaintiff again requested an interpreter but was told by the hearing officer Defendant Palus that "only deaf [p]eople get the use of an interpreter." *Id.* at ¶13. Plaintiff claims that as a result, he was unable to "hear or understand" the hearing proceedings. *Docket #1* at pg. 14 of 24.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

## III. DISCUSSION[3]

### A. Hearing Officer Palus

Plaintiff's allegations that Defendant Palus violated his civil and statutory rights revolve around the officer's refusal to provide a "state certified interpreter" for the misconduct hearing. Specifically, Plaintiff alleges that Palus refused, stating that "only deaf [p]eople get the use of an interpreter." *Amended Complaint* at ¶13.

Plaintiff's claims against Palus for actions taken in the course of his duties as a hearing officer are barred by absolute judicial immunity. "[A] Michigan prison hearing officer is an attorney especially appointed to conduct prison disciplinary hearings as a full time judicial officer, wholly independent of the warden and other prison officials in the prison in which he conducts his hearings." *Shelly v. Johnson,* 849 F.2d 228, 230 (6th Cir. 1988). The Court observed that a hearing officer is "guided by strict statutory procedural rules and his decision is subject to appellate review in the Michigan courts." *Id.* (*citing* M.C.L. §§ 791.254, 791.255). Because "[the] role for all practical purposes is similar to that

---

[3] On April 30, 2008, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). As an IFP filing, this complaint is subject to screening under 28 U.S.C. §1915(e)(2)(B), which provides that "the court *shall* dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; or (ii) fails to state a claim on which relief may be granted or (iii) seek monetary relief against a Defendant who is immune from such relief."(Emphasis added). Because as discussed below, Defendant Palus has absolute judicial immunity from suit and claims against Defendant Salinas are facially inadequate, dismissal under §1915(e)(2)(B) is also appropriate.

of an administrative law judge," a hearing officer "should be entitled to absolute judicial immunity." *Id.* Therefore, claims against Defendant Palus must be dismissed.

### B. Hearing Investigator Salinas

Defendants also contend that Salinas' position as hearing investigator entitles him to absolute judicial immunity. *Defendant's Brief* at 6-7. Defendant cites *Umbarger v. Correctional Medical Services,* 2004 WL 542169, *2 (6th Cir. 2004) for the proposition that judicial immunity is available for Salinas in his role as a hearing investigator. *Umbarger* states that "claims against Sage [a hearings investigator] and Heisler [a hearings officer] may not proceed because they are entitled to immunity," suggesting that claims against the hearings investigator are also barred by judicial immunity. *Id.* (*citing Shelly, supra,* 849 F.2d at 229-30).

I am reluctant to find that judicial immunity bars claims against Salinas given the absence of published case law extending absolute judicial immunity to hearing investigators. The Sixth Circuit's unpublished decision in *Umbarger* cites *Shelly*, but nowhere does *Shelly* address the question of immunity with respect to hearing investigators. I note that *Shelly* premised its grant of immunity to a hearing officer on the fact that "[his] decision is subject to appellate review in the Michigan courts." Because this reasoning is inapplicable to Salinas' investigative role, I cannot recommend dismissal on this basis.[4] Nonetheless, as

---

4

While Defendants cite *Evans v. Eaton*, 2009 WL 1606492 (E.D. Mich. 2009), an unpublished district court case, to support the argument that judicial immunity is available

discussed below, constitutional and statutory claims against Salinas are nonetheless dismissible on their merits.

**1. Eighth Amendment, Due Process, and Equal Protection Claims**

**a). Eighth Amendment**

Construing Plaintiff's claims in the most favorable light, he alleges that the three days in lockup were attributable to Salinas' failure to comply with his request for an interpreter at the hearing. However, he cannot show that the sanction was "objectively harmful enough"1995)("A two-day sentence of 'toplock' does not amount to an atypical or significant B WL 735073, *14 (W.D.Mich. 2009)("'five days of 'toplock'" not atypical or significant). Plaintiff makes no showing or even alleges circumstances surrounding his three day confinement to his cell that would constitute a "significant hardship." Further, while Plaintiff claims physical and mental pain, he does not allege physical injury as a result of Salinas' involvement in the misconduct proceedings. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

In addition, the allegation that Salinas did not follow through with Plaintiff's request to provide an interpreter at the misconduct hearing, with nothing more, is insufficient to

---

to hearing investigators, *Evans* itself was premised on *Banks v. Klapish*, 717 F.Supp.2d 520 (W.D. Mich. 1989), which is bereft of any reference to hearing investigators.

establish the subjective prong of an Eighth Amendment claim. *Docket #1* at pg. 14 of 24. Significantly, Plaintiff does not claim that Salinas refused his request, acknowledging that the hearing officer's failure to obtain an interpreter was possibly the result of poor communication. *Docket #7* at ¶12.

Even more obviously, while Salinas acknowledged that "[a]s a Hearings Investigator, I could have requested the assistance of an interpreter had I deemed it necessary to an investigation," Plaintiff acknowledges that the actual decision to deny the alleged request was made by Palus, not Salinas. *Docket #21-6, Affidavit of Joes Salinas* at ¶9. Instead, Plaintiff alleges that it was Palus who refused the request, stating "only deaf prisoner[s] get a[n] interpreter." *Id.* at pg. 15 of 24.

### b) Due Process

Plaintiff's failure to show that the need for an interpreter at the hearing defeats the claim that his Fourteenth Amendment due process rights were violated. Somewhat ironically (considering Plaintiff's claim that he is unable hear well enough make out conversational speech), the underlying misconduct ticket was issued after he accused an officer of slamming a cell door too loudly, followed by a heated verbal exchange. *Docket #21-3,* pg. 2 of 2. The officer's account indicates that Plaintiff was fully capable of understanding and responding (albeit not appropriately) to his statements:

> "Prisoner Oliver started yelling . . . '[w]hy did you slam that door[?]' I stepped back to the door and stated I had not slammed the door, and moved on. Then prisoner Oliver came into the hallway yelling at me 'yes you did

> slam that door and you will see that on paper.' I told prisoner Oliver to go back in his room and get on his bunk. . . . [Plaintiff] yelled for *me* to get on *my* bunk as he slammed the door" (emphasis added).

*Id.*

Likewise, a Step One grievance response states that at an interview arranged to discuss the merits of complaint, Plaintiff was fully capable of understanding the interviewer's comments and suggestions. *Docket #1,* pg. 17 of 24. Notes from a subsequent misconduct hearing show that Plaintiff was able to follow the proceedings without the help of an interpreter. *Docket #21-8* at pg. 2 of 4.

### c) Equal Protection

For overlapping reasons, Plaintiff's Fourteenth Amendment Equal Protection claim is subject to dismissal. "Although protected by statutory enactments such as the Americans with Disabilities Act, the disabled [as opposed to race or religion] do not constitute a 'suspect class' for purposes of equal protection analysis."*Hansen v. Rimel* 104 F.3d 189, 190 (8th Cir. 1997); *Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 442, 105 S.Ct. 3249, 3255-56, 87 L.Ed.2d 313 (1985). Thus, Plaintiff must establish that the refusal to provide him with an interpreter "lack[s] a rational relationship to a legitimate governmental purpose." *Tennessee v. Lane,* 541 U.S. 509, 522, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004); *see also Hadix v. Johnson,* 230 F.3d 840, 843 (6th Cir. 2000).

"Under rational basis review, a plaintiff faces a severe burden and must 'negate all possible rational justifications for the distinction.'" *Midkiff v. Adams County Regional Water*

*District,* 409 F.3d 758, 770 (6th Cir. 2005)( *citing Gean v. Hattaway,* 330 F.3d 758, 771 (6th Cir.2003)). Because the refusal to supply an unnecessary interpreter is rationally related to a legitimate governmental purpose, Plaintiff's Fourteenth Amendment claim should be dismissed.

### 2. 42 U.S.C. §§1985, 1986

Plaintiff's claims that Salinas, along with Palus and now-dismissed Defendants, acted in concert to violate his constitutional and/or statutory rights stand unsupported by factual allegations suggesting a conspiracy. Plaintiff's allegations of conspiracy are construed pursuant to 42 U.S.C. § 1985(3), which "prohibits a conspiracy 'for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws.'" *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 314 (6th Cir. 2005); 42 U.S.C. § 1985. To maintain a cause of action under a § 1985 claim, "one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky,* 395 F.3d at 314 (6th Cir. 2005)(internal citations omitted).

This claim founders on the absence of either a conspiracy or constitutional violation. Even assuming for the sake of argument Palus' actions in denying the use of an interpreter

and guilty misconduct finding amounted to a constitutional or statutory violation, Plaintiff's own allegations indicate that Palus acted independently of Salinas and other Defendants, not in concert with them. "The mere drumbeat repetition of words such as 'arbitrary,' 'capricious,' and 'conspiracy' do not suffice to turn lawful conduct into a violation of federal rights, and courts will not look with favor on complaints which, trading on mere conclusory charges, fail to set out the specifics of a tenable claim." *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506 (1st Cir. 1987).

Having found absence of a conspiracy, the §1986 claim must also be dismissed. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and 'having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" *Radvansky* at 314 (*citing* 42 U.S.C. § 1986). However, "[w]here plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986." *Braley v. City of Pontiac,* 906 F.2d 220, 227 (6th Cir.1990).

### C. Official Capacity Claims

Defendants, noting that they were sued in their official as well as personal capacities, contend that they are also entitled to Eleventh Amendment Immunity. *Defendants' Brief* at 5-6. Indeed, claims against defendants in their *official* capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are generally subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). As such, claims for monetary

damages against Defendants in their official capacities are barred.

However, "[Eleventh Amendment] immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). As such, Plaintiff's requests for injunctive relief are not *per se* barred by Eleventh Amendment Immunity.

Plaintiff's requests that the Court enjoin Defendants from taking "further retaliatory action against [him] for exercising his First Amendment Right [of] access to the courts" and order "adequate and prompt medical care for his handicaps." *Docket #7* at pgs. 11 of 12. As to the first request, Plaintiff does not allege that Defendants have interfered with his First Amendment rights, stating only that retaliatory acts "are commonplace within the MDOC." *Id.* However, I noted in previously denying Plaintiff's request for a temporary restraining order, that the present action does not contain allegations of retaliation. *Docket #14* at 3. Plaintiff has done nothing more than offer his belief that at some unspecified time in the future, the Defendant *might* take some action that *may* infringe on his constitutional rights. The law is clear that injunctive relief should not issue where the claimed future damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

Second, Plaintiff has made no showing or even alleges in the present suit that he has been denied "adequate and prompt medical care." I note that Plaintiff was provided with an interpreter at an April, 2006 major misconduct hearing. *Docket #21-7* at pg. 2-3 of 4.

However, Plaintiff's request for interpreter for an October, 2008 misconduct hearing was denied after the hearing officer observed that "[Plaintiff] was responding to hearing officer while hearing officer was speaking and looking down, typing, so it was clear prisoner's means of understanding was by hearing amplification [hearing aid]." *Docket #21-8* at pg. 2 of 4. Further, because Plaintiff has not alleged that the denial of an interpreter at subsequent misconduct hearings prejudiced his due process rights, his injunctive requests are subject to dismissal.

### D. ADA and RA Claims[5]

Further, Plaintiff's ADA claims against either of present Defendants in their individual capacities are subject to dismissal. "[N]either the ADA nor RA allows suits against government officials in their individual capacities." *Tanney v. Boles*, 400 F.Supp.2d 1027, 1044 (E.D.Mich. 2005)(Roberts, J.). "We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities." *Williams v. McLemore* WL 1748146, *6 (6th Cir. 2007)(*citing Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, 808 n. 1 (6th Cir.1999); *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 404-05 n. 6 (6th Cir.1997); *Walker v. v. Snyder,* 213 F.3d 344, 346 (7th Cir.2000)("'The director and all of

---

[5] "Because the ADA sets forth the same remedies, procedures, and rights as the Rehabilitation Act . . . claims brought under both statutes may be analyzed together." *Thompson v. Williamson County,* 219 F.3d 555, 557 (fn 3)(6th Cir.2000).

the other defendants must have been sued in their official capacities-that is, as proxies for the state-rather than their individual capacities, because the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations'").

ADA claims against these officials in their official capacities are also dismissible. First, to the extent that Plaintiff invokes his equal protection rights under 42 U.S.C. §12132 (*Docket #7* at pg. 8 of 12) monetary damages are unavailable. "A Title II ADA claim against a government official in her official capacity for money damages is barred if it sounds in equal protection rather than due process." *Tanney*, *supra,* 400 F.Supp.2d at 1044-1045(*citing Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 811 (6th Cir.2002)(fn 13)). As to Plaintiff's claims for injunctive relief, he has not shown here that the MDOC has denied or continues to deny his access to necessary accommodations. *See Section **C**., supra.*

For similar reasons, Plaintiff cannot establish he is entitled to either monetary or injunctive relief for his due process claims under the ADA or RA. *See Section **B.1.b**, supra.* While Plaintiff has submitted medical records showing that he experienced a significant hearing loss, treating sources notes indicate that he had been fitted for a hearing aid well before the December, 2005 hearing and that further accommodations were deemed not required. *Docket #1* at 22 of 24. More recent misconduct reports, created before the present law suit was filed, show that Plaintiff was able to understand the proceedings at a later hearing without the help of an interpreter. *Docket #21-8* at pg. 2 of 4.

### E. State Claims

Plaintiff alleges violations of MHCRA and DPIA as well as negligence and intentional infliction of mental and emotional distress. I recommend that the Court dismiss the state law claims without prejudice. "Claims raising issues of state law are best left to determination by the state courts, particularly in the area of prison administration. In addition, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed." *Nali v. Michigan Dept. of Corrections,* 2009 WL 3052227, *13 (W.D.Mich. 2009)(*citing United Mine Workers v. Gibbs,* 383 U.S. 715, 726-727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *Moon v. Harrison Piping Supply, et al.,* 465 F.3d 719, 728 (6th Cir.2006).

### IV. CONCLUSION

For these reasons, I recommend the following:

1) That the motion be GRANTED, dismissing both Defendants with prejudice.

2) Alternatively, that claims against both Defendants are subject to *sua sponte* dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).

3) That state law claims be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 10, 2010.

S/Susan Jefferson
Case Manager